**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD FITZGERALD, | ) | CASE NO. 1:22-cv-2188 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| NATIONAL CREDIT SYSTEMS, INC. *et al.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) ) | |

Plaintiff Edward Fitzgerald's Complaint (R. 1), as filed, raised the following causes of action against Defendants National Credit Systems (NCS) and J&S Management Co., Inc. (J&S): (1) violations of the Fair Debt Collection Practices Act (FDCPA) against Defendant NCS, (2) violation of the Ohio Consumer Sales Practices Act (OCSPA) against both Defendants, and (3) Invasion of Privacy by Intrusion Upon Seclusion against both Defendants. Plaintiff, however, filed Stipulation of Dismissal of all claims against Defendant NCS pursuant to their settlement. R. 20. Thereafter, Plaintiff filed a motion to dismiss his Complaint without prejudice pursuant to

Fed. R. Civ. P. 41(a)(2) because the remaining claims are all based in state law. R. 21. Remaining Defendant J&S filed a Response in Opposition to Plaintiff's Motion to Dismiss, presuming that Plaintiff intends to refile his case in state court and moved the Court for summary judgment. R. 24, 25. For the reasons stated below, the Court GRANTS Plaintiff's Motion and dismisses the Complaint without prejudice.

## I. Background

Plaintiff rented an apartment from Defendant J&S under a lease that was supposed to run from April 1, 2021, to November 30, 2022. R. 1 at PageID#: 3. After Plaintiff allegedly made multiple complaints about the noise level in his unit, he vacated in May 2022 and ceased paying rent after June 2022. *Id.* at PageID#: 4. Plaintiff contends he and Defendant J&S had reached an agreement about him moving out because the noise made the unit uninhabitable. *Id.* Accordingly, he believed he was no longer obligated to make rent payments. *Id.* Defendant J&S contends it did not give Plaintiff permission to move out. R. 7 at PageID#: 274. Plaintiff alleges Defendant J&S reported the outstanding debt owed on the lease to Defendant NCS who began contacting Plaintiff to recover the funds. R. 1 at PageID#: 4. Plaintiff brought this action following a series of interactions with Defendants, which Plaintiff claims included prohibited debt collection practices, invaded his privacy, and lowered his credit score. *See generally* R. 1.

Plaintiff and Defendant NCS reached a settlement and subsequently filed a stipulation of dismissal in November 2023. R. 20. The dismissal of NCS leaves only Counts 2 and 3 of the Complaint, which allege Defendant J&S violated the OCSPA and unlawfully invaded Plaintiff's privacy. *See generally* R. 1; R. 20. Both remaining claims are brought under state law, and both Plaintiff and Defendant J&S are residents of Ohio. R. 1. When there is no longer original jurisdiction through diversity or a federal question, it is within the court's discretion to decline to

maintain supplemental jurisdiction over a case.

## II. Analysis

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3). There are four factors to consider when determining whether to retain supplemental jurisdiction: (1) judicial economy, (2) convenience to the parties, (3) fairness, and (4) comity to state courts. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). When considering judicial restraint, "[t]his includes the interest in not 'needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004)).

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Marinac v. Todd*, No. 1:20cv1571, 2022 WL 3904049, at *15 (N.D. Ohio Aug. 30, 2022) (citing *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010)). However, "[t]here are ... circumstances where a district court should retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed." *Pidcock v. Cmty. Health Partners Reg'l Med. Ctr.*, No. 12cv284, 2012 WL 1379339, at *3 (N.D. Ohio Apr. 19, 2012) (citing *Harper,* 392 F.3d at 211–12). For example, in *Harper*, the court found that the following factors weighed in favor of retaining supplemental jurisdiction over state law claims: (1) the plaintiff had engaged in forum manipulation, (2) the defendants' summary judgment motions were ripe for decision, and (3) the parties had completed discovery. 392 F.3d at 211–12.

Although Plaintiff's dismissal of Defendant NCS does not automatically divest

3

the Court of jurisdiction over the state law claims alleged in Plaintiff's Complaint, the Court, considering the factors established in *City of Chicago*, declines to exercise supplemental jurisdiction over the remaining state law claims.

In balancing the pertinent factors set forth above, the Court concludes that judicial restraint and not needlessly deciding state law issues outweigh the other factors. The Court has not invested significant time and resources in this action as the Court stayed the responsive briefing to Defendant J&S's Motion for Summary Judgment and no dispositive motions have been decided. Plaintiff is a resident of Ohio, Defendant J&S is an Ohio corporation, and there is no reason to determine that federal court would be a more convenient forum for the parties than state court. Although J&S has moved for summary judgment and claims that it is not fair for Plaintiff to have the opportunity to refile their case in state court, the Court has stayed the case, there is no certainty Plaintiff will pursue his claims after dismissal, and Ohio state courts would have a strong interest in ruling on issues of Ohio law.

In addition, there is no evidence that Plaintiff engaged in forum manipulation. While the parties here have completed some discovery, Plaintiff moved to dismiss this case after settling the federal claims, and J&S elected to move for summary judgment twenty days thereafter. Plaintiff moved to stay further briefing, which this Court granted to preserve time, cost, and energy for all.

Overall, the applicable factors weigh against retaining jurisdiction and the Court declines to decide issues of pure state law.

### III. Conclusion

Plaintiff's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) (R.

21) is hereby GRANTED, and this action is dismissed without prejudice for the foregoing reasons.

      IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 23, 2024